UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIE MITCHELL,

                     Plaintiff,

      v.

MARCUS HICKS, et al.,

                     Defendants.

Civ. Action No. 20-16031 (JXN) (ESK)

**OPINION**

**NEALS, District Judge**

    Plaintiff, a convicted and sentenced prisoner currently incarcerated at East Jersey State Prison in Avenel, New Jersey, is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) The Court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a) to determine whether the Court should dismiss it as frivolous or malicious, for failure to state a claim upon which the Court may grant relief, or because it seeks monetary relief from a defendant who is immune from suit. As set forth below, the Court will dismiss the Complaint without prejudice for failing to comply with Fed. R. Civ. P. 8.

**I.    BACKGROUND**

    The Court will construe the factual allegations of the Complaint as true for the purpose of this Opinion. This case arises from alleged inadequate medical treatment that officials provided Plaintiff after he sprained and fractured his ankle in prison. Plaintiff names Marcus Hicks, commissioner of the New Jersey Department of Corrections; the Department of Corrections' Medical Provider; and "Drs. John and Jane Does" as defendants in this matter.

On January 29, 2017, Plaintiff injured his ankle when he fell in a cell at South Woods State Prison. (ECF No. 1, at 5.) A physician stabilized Plaintiff's ankle, wrapped it with an ACE bandage, and gave Plaintiff instructions to apply ice, elevate his ankle, and keep weight off it. (*Id.*) Officials then transported Plaintiff to the ECU. (*Id.*)

At the ECU, Dr. Scott D. Miller and/or an unidentified "Dr. John or Jane Doe" performed surgery on the ankle to treat a syndesmosis rupture and malleolus fracture. (*See id.* at 5-6.) According to Dr. Miller, the surgery proceeded uneventfully and was successful. (*See id.*)

Nonetheless, Plaintiff continued to have pain and discomfort with his ankle. (*Id.* at 6.) Plaintiff alleges that the Defendants "acted with a deliberate indifference to fulfilling the 'discharge instructions,'" prescribed course of treatment, physical therapy, and follow-up treatment. (*Id.*) Plaintiff also alleges that Defendants were deliberately indifferent by failing to address Plaintiff's continued complaints of pain and discomfort. (*Id.*)

## II.   LEGAL STANDARD

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants

2

a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Moreover, a court may dismiss a complaint for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain statement" requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain statement" requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93–94. However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be

expected to respond to it will not satisfy Rule 8." *Id.* at 93. The important consideration for the Court is whether "a *pro se* complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To succeed on a Section 1983 claim, a plaintiff must allege: (1) that a person acting under color of state law committed the conduct complained of; and (2) the conduct deprived the plaintiff of a federally secured right. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1983). The Court construes the Complaint as vaguely asserting Eighth Amendment inadequate medical care claims against all Defendants, including inadequate medical care claims premised on supervisory liability against Defendants Hicks and the "John Doe" medical care provider.

#### A. Failure to Comply with Rule 8

As discussed above, Rule 8 requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court will dismiss the Complaint without prejudice because, even liberally construing it, Plaintiff fails to simply or directly allege what his claims are against any particular Defendant and fails to provide fair notice of the grounds on which he intends to rest his claims.

Although the Complaint gives an overview of events that occurred from 2017 through 2020, it contains few allegations specific to any particular Defendant. The Complaint is instead a collection of bare allegations against the Defendants, which is insufficient to state a claim for relief. *See, e.g., Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015).

4

The Court gleans that Plaintiff believes that Defendants have violated his rights by playing some part in failing to provide him adequate medical care. However, he fails to allege specifically how or when any particular Defendant violated his rights. (*See generally* ECF No. 1.) For example, Plaintiff names "Dr. John Doe" and "Dr. Jane Doe," but he fails to explain if or how either Defendant played a role in the surgery, treated Plaintiff, or performed physical therapy. (*See id.*)

As a result, the Complaint in its current form "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Johnson v. Koehler*, No. 18-807, 2019 WL 1231679, at *3 (D.N.J. Mar. 15, 2019); *see also Cooper v. Link*, No. 18-4481, 2018 WL 6528170, at *5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff] cannot move forward on his Complaint as pled because it is not clear what each Defendant did to violate his rights."). Accordingly, the Court will dismiss without prejudice the Complaint in its entirety for failure to comply with Fed. R. Civ. P. 8.

**B. Inadequate Medical Care Claims**

Even if the Complaint did comply with Fed. R. Civ. P. 8, the Court would dismiss it because it fails to state an inadequate medical care claim. The Court explains this alternative basis for dismissing Plaintiff's Complaint below.

The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To state a claim of inadequate medical care in violation of the Eighth Amendment, an inmate must allege facts showing (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 106.

A medical need is "serious" if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). Plaintiff has stated a serious medical need sufficient to survive this initial screening because he alleges that doctors prescribed him a course of treatment including physical therapy. (*See* ECF No. 1, at 6.) Accordingly, the only issue is whether he adequately alleges acts or omissions by Defendants that constitute deliberate indifference.

Deliberate indifference is a "subjective standard of liability consistent with reckless as that term is defined in *criminal* law." *See Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000) (emphasis added). To find an official liable, the prison official must know of and disregard an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 836–37 (1994). A plaintiff, therefore, must allege and plead enough factual matter to allow the court to infer reasonably that the official was subjectively aware of a substantial risk of serious harm and that the official disregarded that risk. *See id.*; *Iqbal*, 556 U.S. at 678.

Here, Plaintiff fails to plead sufficient facts about any of the Defendants from which the Court could infer reasonably that a particular Defendant actually knew of an excessive risk to Plaintiff's health or that a Defendant disregarded that risk. (*See* ECF No. 1, at 5–6.) For example, Plaintiff does not even clearly allege that Defendants denied him a prescribed course of treatment or otherwise allege or show that the treatment provided violated professional standards of care. (*See id.*) Whereas here, officials provided some medical care, courts "presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care,"

and "the mere receipt of inadequate medical care does not itself amount to deliberate indifference . . . ." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017). Although the Complaint repeatedly uses the term "deliberate indifference," such bare allegations, absent sufficient factual allegations supporting the assertions, are insufficient to state a claim for inadequate medical treatment. *Iqbal*, 556 U.S. at 678. Accordingly, even if the Complaint satisfied Rule 8, this Court would nonetheless dismiss the Complaint for failure to state a claim for relief.

### C. Supervisor Liability Claim

Likewise, the Complaint fails to state a supervisor liability claim against Defendants Hicks and the "John Doe" medical care provider. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode*, 845 F.2d at 1207.

Here, the Complaint merely states that Defendant Hicks "is charged with the executive decisions concerning the operation of all state prison facilities and oversees the contracted Medical Care Providers operating within the State prisons" and that the "John Doe" medical care provider, as supervisor of medical treatment, "is charged with the responsibility of ensuring that

7

a prescribed course of treatment is being carried out." (ECF No. 1, at 4.) However, the Complaint fails to allege that either Defendant was involved in establishing a policy, practice, or custom that caused Plaintiff's alleged inadequate medical care. Nor does the Complaint allege that either Defendant participated in the alleged inadequate medical care, directed anyone to violate Plaintiff's rights, or had knowledge of and acquiesced to the inadequate medical care of Plaintiff. Accordingly, even if the Complaint did satisfy Rule 8, the Court would nonetheless dismiss Plaintiff's supervisor liability claims for failure to state a claim for relief.

### IV.   CONCLUSION

For the reasons set forth above, the Court will dismiss the Complaint in its entirety without prejudice because it fails to comply with Fed. R. Civ. P. 8 and fails to state a claim for relief. Plaintiff may file an amended complaint if he believes he can allege facts curing the above deficiencies and entitling him to relief. An appropriate Order follows.

_____
JULIEN XAVIER NEALS
United States District Judge